1 | Anton N. Handal (Bar No. 113812)
anh@handal-law.com
2 | Gabriel G. Hedrick (Bar No. 220649)
3 | ghedrick@handal-law.com
Lauren G. Kane (Bar No. 286212)
4 | lkane@handal-law.com
5 | HANDAL & ASSOCIATES
750 B Street, Suite 2510
6 | San Diego, CA  92101
7 | Tel: (619) 544-6400
Fax: (619) 696-0323
8 |
9 | Attorneys for Plaintiff
H.I.S.C, INC. and DePalma Enterprises, Inc.
10 |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| H.I.S.C, INC. and DEPALMA ENTERPRISES, INC., | Case No. **'16 CV 0480 JAH  WVG** |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | **DEMAND FOR JURY TRIAL** |
| FRANMAR INTERNATIONAL IMPORTERS, LTD.; MARIA RAJANAYAGAM; and RAVI INDUSTRIES LIMITED, | |
| Defendants. | |

Plaintiffs H.I.S.C, Inc. and DePalma Enterprises, Inc. ("Plaintiffs"), by and through their undersigned counsel, complain and allege against Defendants FRANMAR INTERNATIONAL IMPORTERS, LTD, MARIA RAJANAYAGAM, and RAVI INDUSTRIES LIMITED ("Defendants") as follows:

**JURISDICTION AND VENUE**

1.     This is a civil action arising under (i) the patent laws of the United

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-1-

*COMPLAINT*

1 States, 35 U.S.C. § 100, *et seq.*, (ii) the United States Copyright Act of 1976, 17

2 U.S.C. § 101, *et seq.*, (iii) the Trademark Laws of the United States, 15 U.S.C. §

3 1051, *et seq.*, (iv) the Lanham Act, 15 U.S.C. § 1125, *et seq.*, and (v) under the

4 Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5       2.      This court has subject matter jurisdiction over this case under 28

6 U.S.C. §§ 1331 and 1338(a) in that it arises under Acts of Congress relating to

7 patents, copyrights and trademarks.  This court has supplemental jurisdiction over

8 Plaintiffs' asserted State law claims under 28 U.S.C. § 1367(a) in that said claims

9 are related to Plaintiffs' Federal law claims such that they form part of the same

10 case or controversy.

11       3.      This Court has personal jurisdiction over Defendant because Plaintiffs

12 are informed and believe that Defendants transact continuous and systematic retail

13 business within the State of California and the Southern District of California.  In

14 particular, until approximately July 2015, Defendants exclusively sold products to

15 Plaintiffs, both California companies residing in this District, for the purpose of

16 importing and selling said products throughout this State, including this District, at

17 garden and flower shows and through television and internet sales on, *e.g.*, the

18 QVC channel and QVC.com.  Plaintiffs are further informed and believe that

19 Defendants continue to systematically sell products in this State and this District

20 through online retailers such as Menard's at http://menards.com and Plow &

21 Hearth at http://plowhearth.com.  Finally, Defendants, through their attorneys,

22 have conceded that California courts have jurisdiction over these matters.  *See*

23 Exhibit I at p. 3, ¶ 3.

24       4.      Venue properly lies within the Southern District of California

25 pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) because

26 Defendants are subject to personal jurisdiction in this Judicial District as set forth

27 above, Defendants are not residents of the United States, and Plaintiffs have been

28 harmed by Defendants' conduct, as described below, in this District.

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-2-

*COMPLAINT*

## PARTIES

5.    Plaintiff H.I.S.C., Inc. ("HISC") is a California corporation with its headquarters and principal place of business at 1009 Calle Recodo, San Clemente, California 92673.

6.    Plaintiff DePalma Enterprises, Inc. ("DePalma") is a California corporation with its headquarters and principal place of business at 1009 Calle Recodo, San Clemente, California 92673.

7.    Upon information and belief, Defendant Ravi Industries Limited ("Ravi") is a corporation organized and existing under the laws of Sri Lanka and maintains an office and principal place of business at 252/A, Kurunduwatte Road, Ekala, Ja-ela, Sri Lanka.

8.    Upon information and belief, Defendant Franmar International Importers, Ltd. (hereinafter referred to individually, or together with Rajanayagam, as "Franmar") is a corporation organized and existing under the laws of Canada and maintains an office and principal place of business at #728-650 W. 41st Avenue, North Tower, Oakridge Centre, Vancouver, BC V5Z 2M9, Canada.

9.    Upon information and belief, Defendant Maria Rajanayagam ("Rajanayagam" or, together with Franmar International Importers, Ltd. ("Franmar")) is an individual residing at 224 West 14th Avenue, Vancouver, BC V5Y 1X1, Canada, and is the President of Franmar.

10.    Upon information and belief, at all times herein mentioned, each Defendant acted individually and/or as the successor, agent, co-conspirator, aider, abettor, joint venturer, alter ego, third-party beneficiary, employee, officer, director or representative of the other and, in doing the things hereinafter alleged, acted within the course and scope of such agency, employment or conspiracy and with the consent, permission and authorization of each of the remaining Defendants.

## FACTUAL BACKGROUND

11.    From February 2012 to July 25, 2015, Plaintiffs purchased certain

**HANDAL & ASSOCIATES**
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-3-

*COMPLAINT*

garden brooms from Franmar.  Plaintiffs would issue purchase orders to Franmar and Franmar would then import the brooms from Defendant Ravi.  The brooms were marketed and sold by Plaintiffs on the QVC channel, QVC.com, shopdepalma.com, Amazon.com, and at various home and garden trade shows, among other retail outlets.

12.     Aside from the individual purchase orders, Plaintiffs and Defendants entered into no written agreements with respect to the garden broom products.

13.     Without warning, on or about July 25, 2015, Franmar sent Plaintiffs a "Notice of Termination" by which Franmar purported to "terminate all of Franmar's business dealings with H.I.S.C., Inc." and instructing Plaintiffs to "immediately … cease selling the Product, cease using in any way all of Franmar [*sic*] marks, property and products and cease all representation [*sic*] of Franmar." (Hereafter referred to as the "Termination Letter.")  *See* Exhibit A.

14.     Aside from "Original Garden Broom," the Termination Letter did not specifically identify any alleged intellectual property to which Franmar believed it was entitled.

15.     At the time of receiving the Termination Letter, Plaintiffs had unsold inventory lawfully purchased from Franmar.  Upon receipt of the Termination Letter, Plaintiffs, through counsel, sent a letter to Franmar on July 28, 2015 advising Franmar of Plaintiffs' right under the Exhaustion Doctrine to sell off any remaining inventory it had already lawfully purchased from Franmar.  *See* Exhibit B.

16.     Plaintiffs received no response to their July 28, 2015 letter.  Instead, nearly one month later, Franmar, through its Irvine-based counsel, sent a letter to QVC, Inc. (hereinafter, "the QVC Letter") asserting alleged intellectual property rights related to the garden brooms Plaintiffs formerly, lawfully purchased from Franmar.

17.     In particular, the QVC Letter asserts the garden broom is protected by

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-4-

*COMPLAINT*

1  U.S. Patent No. D712,664S (hereinafter, "the '664 patent").   The '664 patent

2  issued to Defendant Ravi Industries Limited on September 9, 2014 pursuant to an

3  application filed on July 6, 2012.  *See* Exhibit C.  On its face, the '664 patent does

4  not claim the benefit of any earlier filed application.

5      18.   The '664 patent is a design patent with a single claim for "The

6  ornamental design for a broom, as shown and described."   The patent further

7  discloses six figures comprised of drawings of a broom.

8      19.   The QVC Letter asserts that Franmar is the exclusive distributor (i.e.,

9  licensee) in North America for the broom described in the '664 patent.

10      20.   Despite the fact that the '664 patent describes no such features, the

11  QVC Letter further asserts, "Among other unique characteristics, is the FSC

12  certified Poplar wood handle, Ekel sweeping materials, Coir binding, bristles

13  bound together with braided weaving and a coconut shell cap."   The QVC Letter

14  goes on to allege that "Any broom sold by a competitor that resembles Ravi's

15  Broom *in any way* violates the Patent and is subject to all appropriate infringement

16  damages."

17      21.   The QVC Letter further contains the following language:

18  "Specifically, the idea to develop and market the Broom originated
    years ago with Ms. Rajanayagam's mother in Sri Lanka… Then
19  beginning in 2007, Ms. Rajanayagam and her mother invested in
    assessing whether there was a market for the Broom and the most
20  viable introduction and development for the Broom, including,
    without limitation, three years of product and market testing. *In 2010*,
21  Franmar was established, *after much investment and development of
    the market in North America for the Broom*." [Emphasis added.]
22

23

24      22.   Franmar's website contains similar assertions.  *See* Exhibit D.  All of

25  these alleged activities pre-date the application for the '664 patent by more than

26  one year.

27      23.   In addition, Franmar's website contains a newspaper article published

28  by the Vancouver Sun on October 1, 2010, which includes a photograph of

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-5-

*COMPLAINT*

1  Franmar's President, Maria Rajanayagam, holding in her left hand a garden broom

2  containing features that are, in all material respects, identical to the broom depicted

3  in the figures of the '664 patent.  *See* Exhibit E.   In Rajanayagam's other hand is a

4  broom that is similar to the one currently sold by Plaintiffs.   The article further

5  quotes Rajanayagam as stating, "This is the standard broom in households in Sri

6  Lanka."   The article also lists several retailers that offered Franmar's broom for

7  sale.   According to the date of the article, the article and photograph were

8  published more than one year before the application for the '664 patent.  Plaintiffs

9  are informed and believe that these brooms were not disclosed to the U.S. Patent

10  and Trademark Office ("PTO") at any time during the prosecution of the '664

11  patent.

12         24.     Plaintiffs are further informed and believe and thereon allege that, on

13  or about October 13, 1998, Defendant Ravi applied for a patent in Sri Lanka for a

14  "Garden Broom with Twine Binding," which contains features that are, in all

15  material respects, similar to the broom being offered for sale by Plaintiffs.  *See*

16  Exhibit F.   Plaintiffs are informed and believe that the Sri Lankan patent

17  application was not disclosed to the U.S. Patent and Trademark Office ("PTO") at

18  any time during the prosecution of the '664 patent.

19         25.     Plaintiffs are further informed and believe and thereon allege that the

20  ornamental features depicted in the '664 patent are commonly used features and

21  materials for Sri Lankan garden brooms and have been in public use in Sri Lanka

22  since more than one year before the application for the '664 patent was filed.  For

23  example, Defendant Franmar's website concedes that its broom is merely a

24  "traditional Ekel Broom" as had been used by Rajanayagam's mother during her

25  mother's childhood.

26         26.     The QVC Letter further asserts that Franmar is entitled to additional

27  copyrights, trade dress and trademarks that it implies Plaintiffs are or were using.

28  Specifically, Franmar asserts that it has a registered trademark for "Ravi Clean

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-6-

*COMPLAINT*

Green" and that "the phrase 'Garden Broom' used in conjunction with the Patent is exclusively Franmar's intellectual property."  Franmar's attorney asserts that the latter phrase "was developed from the natural elements used to manufacture the Broom in combination with one of the Broom's practical applications – *garden use*."  Franmar also alleges that its "owns all copyrights for the 'script' used for Broom demonstrations," including, among other things, "the unique description of the Broom and its materials, the eco-friendly, socially responsible manufacturing process, the Broom's unique benefits and characteristics and creative phrases (i.e., 'Sweeping is Believing')," and the wrap-around label "that contains Franmar's information regarding the Broom, which also serves to bind the bristles together for transportation purposes."

27.     Franmar also claims as "trade dress" all "marketing ideas used to sell the Broom" including a bar-stool like stand, a demonstration box, artificial turf, and a green, wrap-around packaging label.

28.     Finally, Franmar, in the QVC Letter, claims an unspecified property right to the "marketing/advertising for the Broom."

29.     After receipt of the Termination Letter, Plaintiffs began procuring new garden brooms from a new manufacturer with features markedly and materially different from the ornamental designs featured in the figures of the '664 patent.   During and/or after selling off the brooms lawfully purchased from Franmar, Plaintiffs began selling the newly designed brooms with a new name and with no reference to Franmar, Ravi or their respective "Franmar" or "Ravi" brands.

30.     On September 1, 2015, counsel for Franmar and Rajanayagam sent its first letter in response to Plaintiffs' July 28, 2015 letter.  *See* Exhibit G (the "September 1st Letter").  The September 1st Letter, among other things, wrongly demanded Plaintiffs "to immediately cease and desist any further infringement of Franmar's exclusive rights to its intellectual property, including without limitation, The Original Garden Broom ('Broom'), and all associated patents, copyrights,

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-7-

*COMPLAINT*

trademarks, trade dress, good will and marketing/advertising ideas." The remainder of the letter largely echoed the erroneous assertions contained in the QVC Letter, but further accused sales by Plaintiffs of products called "The Ultimate Garden Broom" and "The Ultimate Coconut Garden Broom" of "violating Franmar IP," without specifically identifying which features of said products allegedly violated which "Franmar IP."

31.    Plaintiffs, through counsel, responded on September 9, 2015 by specifically denying the assertions made in the September 1st Letter and explaining in detail, point-by-point, the reasons for its denials. *See* Exhibit H.

32.    Defendants' counsel responded on September 11, 2015, with a heavily italicized accusatory letter, full of mostly unsupported conclusory assertions, including such statements as "Franmar has a fully enforceable understanding that Franmar would sell the Broom to *your client* [emphasis in original] for distribution to QVC in exchange for *your client's* [emphasis in original] agreement not to infringe upon Franmar's IP, including without limitation, trademarks, trade dress, copyright and all ideas" and "the design of the Broom, trade dress and copyright is unique and all of it was created by Franmar and/or Ravi." *See* Exhibit I (the "September 11th Letter"). In the letter, Defendants concede that the Vancouver Sun article, in which a photo of the prior art is shown, is a printed publication, but ignore the fact that the article was published more than one year before the application for the '664 patent.

33.    Plaintiffs deny each of the allegations contained in the QVC Letter, the September 1st Letter and the September 11th Letter.

34.    The parties have exchanged no further communications since the September 11th Letter. However, on December 4, 2015, Franmar's counsel sent a letter to Entertainment On Location, Inc., a company responsible for the PHS Philadelphia Flower Show at which Plaintiffs are expected to participate between March 4 and March 13, 2016. *See* Exhibit J (the "December 4th Letter").

*COMPLAINT*

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

35.   In the December 4th Letter, Defendants' counsel accused Plaintiffs of intending to display " 'knock off' brooms that violate Franmar's rights associated with the Broom, including, without limitation, trade dress and design of the Broom."  The December 4th Letter again reiterated the same erroneous accusations against Plaintiffs that were asserted in Franmar's earlier letters and which were refuted by Plaintiffs in their earlier responding letters, but omits any specific reference to the '664 patent.

36.   At or around the same time, Plaintiffs are informed and believe and thereon allege that Defendants sent a substantially similar letter to O'Loughlin Trade Shows Entertainment on Location, Inc., which organizes the Northwest Flower & Garden Show that Plaintiffs later attended.

37.   Plaintiffs were forced to retain counsel to respond to each of Defendants' letters to ensure Plaintiffs' presence at each of the above-referenced flower shows.

38.   Plaintiffs are not infringing any valid or enforceable intellectual property right of Defendants.  Defendants' repeated letters and oral representations to Plaintiffs' retailers, business partners, trade show organizers, customers and potential customers are injurious to Plaintiffs' business and reputation and, unless abated by this Court, are likely to continue.  Plaintiffs therefore seek declaratory and injunctive relief as set forth below, as well as damages in an amount to be proven at trial.

## COUNT ONE

### Declaratory Judgment of Invalidity and Unenforceability of the '664 Patent

39.   Plaintiffs incorporate the allegations contained in Paragraphs 1 through 38 of the Complaint as though set forth fully herein.

40.   Plaintiffs are informed and believe and based thereon allege that Defendant Ravi is the purported assignee and owner of the '664 patent.

41.   Defendant Franmar claims to own the exclusive right to distribute the

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-9-

*COMPLAINT*

1  broom described in the '664 patent, accuses Plaintiffs of infringing the '664 patent,

2  and has demanded that Plaintiffs cease and desist from allegedly infringing the

3  '664 patent.    Based on the foregoing, Plaintiffs are informed and believe and

4  thereon allege that Defendant Franmar claims that it has the right to enforce the

5  '664 patent against Plaintiffs.

6      42.    Defendants allege that Plaintiffs have infringed and/or are infringing

7  the sole asserted claim of the '664 patent.

8      43.    The '664 patent is invalid for failure to comply with the patent laws of

9  the United States, including 35 U.S.C. §§ 102 and 103.  The bases for Plaintiffs'

10  position regarding invalidity include (a) the asserted claims are invalid based upon

11  the prior art, including the art described herein above, the knowledge of those of

12  ordinary skill in the art, for derivation, and the purported inventor did not himself

13  invent the claimed invention.

14      44.    The '664 patent is also unenforceable due to the inequitable conduct

15  of the patentee.

16      45.    Patentees have a duty of disclosure, candor and good faith in

17  prosecuting a patent and must disclose to the USPTO all information known to the

18  patentee to be material to patentability.  As set forth above, Ravi applied for a

19  patent in Sri Lanka in 1998 for a broom design, which application included

20  photographs of a broom that is similar to the brooms sold by Plaintiffs.  The Sri

21  Lanka patent application is material to the patentability of the '664 patent. As Ravi

22  itself submitted the Sri Lanka patent application it was well aware of the prior art

23  and thus, intentionally withheld it from the USPTO during the prosecution of the

24  '664 patent.

25      46.    In addition, the Vancouver Sun newspaper article clearly shows

26  Rajanayagam holding a broom substantially similar to the Figures depicted in the

27  '664 patent and indicates that the broom was available for sale in at least two retail

28  locations.  This article was published more than one and a half years before the

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-10-

COMPLAINT

1  filing of the application for the '664 patent.  The article, as well as the brooms

2  depicted therein and offered for sale, are material to the patentability of the '664

3  patent.  Having, upon information and belief, exported the brooms to Franmar and

4  having authorized Franmar to market and sell its brooms, Ravi was aware of the

5  prior art Franmar broom and, thus, intentionally failed to disclose it to the USPTO

6  during the prosecution of the '664 patent.

7      47.    Defendants on the other hand have asserted and do assert that the '664

8  patent is valid and enforceable and have asserted to Plaintiffs, their retailers,

9  business partners and others that Plaintiffs are infringing the '664 patent, knowing

10  that the patent is invalid on its face.  Thus a real, immediate, and substantial

11  controversy exists as between the parties regarding the validity of the '664 patent.

12      48.    To clarify its rights, Plaintiffs requests a judgment that the sole claim

13  of the '664 patent is invalid and/or unenforceable.

## COUNT TWO

### Declaratory Judgment of Non-Infringement of the '664 Patent

16      49.    Plaintiffs  incorporate  the  allegations  contained  in  Paragraphs  1

17  through 48 of the Complaint as though set forth fully herein.

18      50.    Defendants allege that Plaintiffs have infringed and/or are infringing

19  the sole asserted claim of the '664 patent.

20      51.    Plaintiffs have not committed and are not committing any acts that

21  constitute infringement of the sole claim of the '664 patent.  The brooms marketed

22  and sold by Plaintiffs do not share the same ornamental design depicted in the '664

23  patent.  The brooms do not infringe literally or under the doctrine of equivalents.

24  The bases for Plaintiffs' position regarding non-infringement further include: (a)

25  the sole claim is invalid, and one cannot infringe an invalid patent claim, (b)

26  Plaintiffs have not and do not engage in any acts of direct infringement, (c)

27  Plaintiffs have not and do not engage in any conduct that causes or results in a

28  direct infringement by another, (d) Plaintiffs have not had and do not have the

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-11-

*COMPLAINT*

1    requisite knowledge and culpable intent for indirect infringement.

2        52.    Notwithstanding the foregoing and Plaintiffs' repeated efforts to

3    convince Defendants otherwise, Plaintiffs are informed and believe that

4    Defendants, on their own or through their agents, continue their efforts to

5    intimidate Plaintiffs' retailers, business partners, and others, with accusations that

6    Plaintiffs infringe the '664 patent.

7        53.    Based on the foregoing, a real, immediate, and substantial controversy

8    exists as between the parties regarding Plaintiffs' non-infringement of the '664

9    patent.

10       54.    To clarify its rights, Plaintiffs request a judgment that they have not

11   committed and are not committing any acts that constitute infringement of the '664

12   patent.

13                              **COUNT THREE**

14   **Declaratory Judgment of Invalidity and Non-Infringement of Copyright**

15       55.    Plaintiffs incorporate the allegations contained in Paragraphs 1

16   through 38 of the Complaint as though set forth fully herein.

17       56.    Defendants claim they own the rights to the script used by Plaintiffs to

18   sell Plaintiffs' broom products in advertising and marketing outlets such as QVC

19   as well as to the phrase "sweeping is believing."

20       57.    The script used by Plaintiffs to market and sell their broom products

21   was authored by Plaintiffs, not Defendants.   Plaintiffs do not use the phrase

22   "sweeping is believing," in their scripts or advertising.   Moreover, Plaintiffs have

23   sold and do sell their products independently from Franmar and have never had

24   any contractual relationship with Franmar to sell brooms for or on behalf of

25   Franmar.   The rights to any script authored by Plaintiffs to sell its products

26   therefore belong exclusively to Plaintiffs.

27       58.    Notwithstanding the foregoing and Plaintiffs' repeated efforts to

28   reassure Defendants, Defendants, on their own or through their agents, continue

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-12-

*COMPLAINT*

1  their efforts to intimidate Plaintiffs, their retailers, business partners, and others,

2  with accusations that Plaintiffs infringe Defendants' alleged copyrights.

3      59.    Based on the foregoing, a real, immediate, and justiciable controversy

4  exists as between the parties regarding Plaintiffs' non-infringement of Defendants'

5  alleged copyrights.

6      60.    To clarify its rights, Plaintiffs request a judgment that they have not

7  committed and are not committing any acts that constitute infringement of

8  Defendants' copyrights and that all claims by Defendants to copyrights in the

9  marketing and advertising materials used by Plaintiffs are invalid.

10  <b>COUNT FOUR</b>

11  <b>Declaratory Judgment of Unenforceability and</b>

12  <b>Non-Infringement of Trademark</b>

13      61.    Plaintiffs incorporate the allegations contained in Paragraphs 1

14  through 38 of the Complaint as though set forth fully herein.

15      62.    Defendants claim they own the rights to the marks "Ravi" and "Ravi

16  Clean Green" and have sent multiple letters to Plaintiffs asking them to cease and

17  desist using these marks.  Plaintiffs are not using these marks or any variation

18  thereof in relation to its products, packaging or marketing.  Nevertheless,

19  Defendants continue to send letters to or otherwise make representations to

20  Plaintiffs' retailers, business partners, trade show organizers, customers and/or

21  potential customers, implying that Plaintiffs are infringing these marks.

22      63.    Defendants further claim they own the exclusive right to use the terms

23  "Original Garden Broom" and simply "Garden Broom" and have asserted that

24  Plaintiffs use of the phrase "Ultimate Garden Broom" infringes such alleged

25  marks.

26      64.    Plaintiffs hereby allege that said terms are not valid, enforceable

27  marks.  Plaintiffs are informed and believe that Defendants have not registered

28  these marks.  Plaintiffs on the other hand have a pending trademark application for

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-13-

*COMPLAINT*

"Ultimate Garden Broom."  Plaintiffs further hereby allege that Defendants would not be entitled to any protectable interest in the phrases "Original Garden Broom" and "Garden Broom" as the phrases consist merely of generic descriptive words.

65.    Plaintiffs further allege that the marks utilized by Plaintiffs to market their own brooms are sufficiently different from any marks used by Defendants and, accordingly, there is no likelihood of confusion between Plaintiffs' and Defendants' products.

66.    Based on the foregoing, a real, immediate, and justiciable controversy exists as between the parties regarding the existence of any protectable right in the Defendants' alleged trademarks and Plaintiffs' non-infringement of same.

67.    To clarify its rights, Plaintiffs request a judgment that they have not committed and are not committing any acts that constitute infringement of Defendants' trademarks and that all claims by Defendants to trademark rights in the phrases "Original Garden Broom" and "Garden Broom" are invalid and/or unenforceable.

## COUNT FIVE

### Declaratory Judgment of Unenforceability and

### Non-Infringement of Trade Dress

68.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 38 of the Complaint as though set forth fully herein.

69.    Defendants claim to own a right to a specific green wrap around label, which is affixed around the bristles of the broom.  However, such wraparound placards for use for brooms and other household products is well known in the art and a common means for protecting broom bristles during shipment and display and for displaying a company's brand name.  Defendants therefore own no rights to the use of a wrap around label for broom products.

70.    Furthermore, the wrap around placard being employed by Plaintiffs for their broom products is materially different in appearance than that used by

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*COMPLAINT*

1    Defendants.

2        71.    In addition, Defendants claim to have a trade dress right in certain

3    demonstration and display materials that were either designed and developed by

4    Plaintiffs, for example a demonstration box and display stand used in Plaintiffs'

5    QVC presentations, or which are commonly used materials for garden product

6    demonstrations, such as artificial turf.  Defendants have no protectable exclusive

7    right to the use of these items.

8        72.    Nevertheless, Defendants have sent and will continue to send

9    correspondence to or communicate with Plaintiffs, Plaintiffs' retailers, business

10   partners, tradeshow organizers, customers and/or potential customers to intimidate

11   others into declining Plaintiffs' business.

12       73.    Based on the foregoing, a real, immediate, and justiciable controversy

13   exists as between the parties regarding the existence of any protectable right in the

14   Defendants' alleged trade dress and Plaintiffs' non-infringement of same.

15       74.    To clarify its rights, Plaintiffs request a judgment that they have not

16   committed and are not committing any acts that constitute infringement of

17   Defendants' alleged trade dress and that all claims by Defendants to the disputed

18   trade dress are invalid.

19                                **COUNT SIX**

20                **Unfair Competition (B&P Code § 17200, *et seq.*)**

21       75.    Plaintiffs incorporate the allegations contained in Paragraphs 1

22   through 74 of the Complaint as though set forth fully herein.

23       76.    Defendants were and are engaged in a business practice of knowingly

24   making false representations to Plaintiffs and Plaintiffs' retailers, business partners,

25   trade shows, customers and/or potential customers that Plaintiffs are selling

26   "knock-off" brooms that infringes on Defendants' alleged intellectual property

27   rights in order to harm Plaintiffs' business and obtain said business for Defendants.

28       77.    Defendants' conduct is unfair because it is unethical, oppressive, false

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-15-

*COMPLAINT*

1  and misleading.  Defendants falsely asserted intellectual property rights that were

2  invalid and unenforceable on its face and did so knowingly, recklessly, and/or

3  negligently in order to usurp Plaintiffs' business for itself.

4       78.   As a result of Defendants' unfair practices, Plaintiffs have sustained

5  damages to their reputation and have been further damaged by the loss of trust

6  from their customers and business partners, a loss of potential business

7  opportunities, including an opportunity to sell their products through QVC UK,

8  and by attorney's fees incurred in order to defendant itself against Defendants'

9  false claims, including for example, preserving its business relationship with QVC

10 in the United States, all in an amount to be proven at trial.

11 **COUNT SEVEN**

12 **Tortious Interference with Prospective Economic Advantage**

13      79.   Plaintiffs incorporate the allegations contained in Paragraphs 1

14 through 78 of the Complaint as though set forth fully herein.

15      80.   At all relevant times, Plaintiffs and QVC were and are in an economic

16 relationship whereby QVC allows Plaintiffs to appear on QVC's television

17 network to market and sell Plaintiffs' brooms.

18      81.   Defendants were aware of this relationship and intended to disrupt the

19 relationship by making knowingly false and/or misleading claims to alleged

20 intellectual property rights to the design of Plaintiffs' broom as well as certain

21 trade dress and marketing aspects of Plaintiffs' broom as set forth above.

22      82.   Plaintiffs are informed and believe that QVC has a policy of

23 prohibiting the sale of products through its television channel, web site and other

24 associated outlets, where claims of intellectual property infringement are asserted.

25      83.   In order to restore its reputation with QVC and to ensure the

26 continued marketing and sale of its brooms through QVC, Plaintiffs were forced to

27 expend substantial sums of money in an effort to reassure QVC that Plaintiffs'

28 brooms did not, in fact, infringe Defendants' alleged intellectual property rights.

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-16-

*COMPLAINT*

1   But for Defendants' false and/or misleading allegations, Plaintiffs would not have

2   needed to expend those sums.

3        84.   Plaintiffs have also sought to sell their brooms through QVC UK, a

4   separate entity from QVC, which QVC UK has declined.  Plaintiffs are informed

5   and believe that QVC UK is aware of Defendants' false and misleading claims

6   about Plaintiffs' brooms and declined to allow Plaintiffs to sell their brooms

7   through QVC UK on that basis.

8        85.   As a result of Defendants' wrongful conduct set forth herein,

9   Plaintiffs have been damaged in an amount to be proven at trial.

10   **PRAYER FOR RELIEF**

11   WHEREFORE, Plaintiffs pray for relief and judgment as follows:

12        1.   That the '664 patent is invalid and/or unenforceable;

13        2.   That Plaintiffs have not and do not infringe any enforceable claim of

14   the '664 patent;

15        3.   That Defendants have no valid, enforceable copyright claim against

16   Plaintiffs;

17        4.   That Plaintiffs do not infringe any valid, enforceable copyrights of

18   Defendants;

19        5.   That Defendants have no valid, enforceable trademark claim against

20   Plaintiffs;

21        6.   That Plaintiffs do not infringe any valid, enforceable trademark of

22   Defendants;

23        7.   That Defendants have no valid, enforceable trade dress claim against

24   Plaintiffs;

25        8.   That Plaintiffs do not infringe any valid, enforceable trade dress of

26   Defendants;

27        9.   That Defendants, Defendants' officers, agents, servants, employees,

28   and attorneys, and those persons in active concert or participation with them, be

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-17-

*COMPLAINT*

1   temporarily, preliminarily and/or permanently enjoined from directly or indirectly

2   asserting infringement against Plaintiffs, or any of their customers, distributors,

3   affiliates, successors, assigns, representatives, agents, subsidiaries, and vendors

4   and from instituting any further action for infringement of the disputed intellectual

5   property;

6          10.    That Plaintiffs be awarded restitution and other monetary damages in

7   an amount to be proven at trial;

8          11.    That this case is exceptional and Plaintiffs are entitled to an award of

9   reasonable attorneys fees pursuant to 35 U.S.C. § 285;

10         12.    That Plaintiffs are entitled to attorneys' fees, costs, and expenses

11  incurred in connection with this action; and

12         13.    Awarding such other relief as this Court may deem just and proper.

13                                    HANDAL & ASSOCIATES

14

15  Dated: February 23, 2016       By:   */s/ Gabriel G. Hedrick*
                                          Gabriel G. Hedrick
16                                        Attorneys for Plaintiffs
                                          H.I.S.C., Inc. and DePalma Enterprises, Inc.
17

18

19

20                          **DEMAND FOR JURY TRIAL**

21        Plaintiffs hereby demand a trial by jury on all claims.
                                    HANDAL & ASSOCIATES
22

23

24  Dated: February 23, 2016       By:   */s/ Gabriel G. Hedrick*
                                          Gabriel G. Hedrick
25                                        Attorneys for Plaintiffs
                                          H.I.S.C., Inc. and DePalma Enterprises, Inc.
26

27

28

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-18-

*COMPLAINT*