UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.I.S.C., INC. and DEPALMA ENTERPRISES, INC.,<br><br>                                 Plaintiff,<br>v.<br>FRANMAR INTERNATIONAL IMPORTERS, LTD. et al.,<br>                               Defendants.<br><br>FRANMAR INTERNATIONAL IMPORTERS, LTD.,<br>                            Counterclaimant,<br>v.<br>H.I.S.C., INC. and DEPALMA ENTERPRISES, INC.,<br>                        Counterclaim Defendants. | Case No.: 3:16-cv-00480-BEN-WVG<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION TO DISMISS;**<br><br>**(2) DENYING PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS**<br><br>**[Docket Nos. 15, 18]** |

      Pending before the Court is the Motion to Dismiss filed by Defendant Maria Rajanayagram (Docket No. 15), and the Motion to Dismiss filed by Plaintiffs-Counterclaim Defendants H.I.S.C., Inc. and DePalma Enterprises, Inc. (Docket No. 18.)

The motions are fully briefed. The Court finds the Motions suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, both Motions are **DENIED**.

## BACKGROUND[1]

Defendant-Counterclaimant Franmar International Importers, Ltd. ("Franmar") is a family-run business that sells outdoor brooms. (Answer & Countercl. at 12.) Franmar is owned and operated by Defendant Maria Rajanayagam ("Rajanayagam"). The design of The Garden Broom/The Original Garden Broom was inspired by the traditional Sri Lankan "Ekel broom." (*Id.*) The following image is an example of a traditional Sri Lankan Ekel broom:



(Answer & Countercl. at 13.)

Defendant Ravi Industries, Ltd. ("Ravi"), is a company that manufactures Ekel brooms in Sri Lanka. In 2007, Rajanayagam began collaborating with Ravi to develop an "Ekel-like broom" for commercial sale in the United States and Canada. (*Id.*)

---

[1] The following overview of the relevant facts are drawn from the allegations of Plaintiffs' Complaint and Defendants' Counterclaim. (Docket Nos. 1, 14.) The Court is not making findings of fact. The allegations relevant to each Motion are detailed in analyzing the individual Motions.

After nearly three years of research and development, Rajanayagam and Ravi created "a new Ekel broom," which they agreed to call "The Garden Broom." (Answer & Countercl. at 13-14.) Rajanayagam later changed the name to "The Original Garden Broom." (Id. at 14.) The Garden Broom/The Original Garden Broom is depicted in the images below.



(Answer & Countercl. at 15.)

Rajanayagam allegedly designed the "ornate weaving patterns, the coconut shell atop the bristles, and the smooth handle." (Id. at 14.) Additionally, "the intricate and ornate weaving on the broom, [the] wide-fan appearance, the coconut shell on the top of the bristles and the cylindrical, smooth handle," allegedly constitute The Original Garden Broom's trade dress. (Id. at 14-15.)

In 2010, Rajanayagam incorporated Franmar to market and sell The Original Garden Broom. Franmar partnered with Ravi and became Ravi's sole and exclusive distributor in North America for The Original Garden Broom. Since 2010, Franmar has marketed, advertised, imported and sold The Original Garden Broom in the U.S.; Franmar's U.S. sales exceed 100,000 brooms. On September 9, 2014, Ravi was issued U.S. Patent No. D712,664S (hereinafter, "the '664 patent") pursuant to an application

filed on July 6, 2012. Franmar and Rajanayagam claim to own the exclusive right to distribute the broom depicted in the '664 patent (i.e. The Original Garden Broom).

Between February 2012 and July 25, 2015, Plaintiffs-Counterclaim Defendants H.I.S.C., Inc. ("H.I.S.C.") and DePalma Enterprises, Inc. ("DePalma," collectively, "Plaintiffs") purchased "certain garden brooms" from Franmar and Rajanayagam. (Compl. at 3-4.) Plaintiffs marketed and sold the brooms on the QVC channel, QVC.com, shopdepalma.com, Amazon.com, and at various home and garden trade shows. Aside from the individual purchase orders, Plaintiffs and Defendants did not enter into any written agreements for the garden broom products. (Compl. at 4; Answer & Countercl. at 3.)

On or about July 25, 2015, Franmar and Rajanayagam sent Plaintiffs a "Notice of Termination" ("the Termination Letter") advising Plaintiffs that they were "terminat[ing] all of Franmar's business dealings with H.I.S.C." (Compl. at 4, Ex. A.) The Termination Letter further instructed Plaintiffs to "immediately . . . cease selling the Product, cease using in any way all of Franmar [sic] marks, property and products and cease all representation [sic] of Franmar." (*Id.*)

On July 28, 2015, Plaintiffs, through their counsel, sent Franmar and Rajanayagam a letter advising them of Plaintiffs' right under the Exhaustion Doctrine to sell off any remaining inventory they had lawfully purchased. Plaintiffs did not receive an immediate response to this letter from Franmar or Rajanayagam. About one month later, Franmar and Rajanayagam, through their counsel, sent a letter to QVC, Inc. asserting intellectual property rights to the garden brooms Plaintiffs had purchased from Franmar and Rajanayagam.

After receiving the Termination Letter, Plaintiffs began procuring new garden brooms from a new manufacturer. During and/or after selling off the brooms Plaintiffs had purchased from Franmar and Rajanayagam, Plaintiffs began selling the new brooms "with a new name and with no reference to Franmar, Ravi or their respective 'Franmar' or 'Ravi' brands." (Compl. at 7.)

On September 1, 2015, counsel for Franmar and Rajanayagam sent Plaintiffs a letter in response to their July 28, 2015 letter. This letter demanded Plaintiffs "immediately cease and desist any further infringement of Franmar's exclusive rights to its intellectual property, including without limitation, The Original Garden Broom ('Broom'), and all associated patents, copyrights, trademarks, trade dress, good will and marketing/advertising ideas." (*Id.* at 7-8.) The letter further accused Plaintiffs of violating "Franmar's IP" via their sales of "The Ultimate Garden Broom" and "The Ultimate Coconut Garden Broom." (*Id.* at 8.) Plaintiffs and Franmar and Rajanayagam exchanged two additional letters on September 9, 2015 and September 11, 2015, expressing their disagreement about the alleged violations of Franmar's IP.

In its Counterclaim, Franmar alleges Plaintiffs "designed, manufactured, marketed, and/or sold, without Franmar's knowledge or permission, a blatant 'knock off' of The Original Garden Broom Trade Dress and The Original Garden Broom trademark under the name 'The Ultimate Garden Broom.'" (Answer & Countercl. at 19.) Franmar alternatively or additionally alleges that Plaintiffs "repackaged The Original Garden Broom," to remove Franmar's labeling and re-name the broom as "The Ultimate Garden Broom." (*Id.* at 21.)

The parties have not communicated with each other since September 11, 2015. On or around December 4, 2015, counsel for Franmar and Rajanayagam sent a letter to Entertainment On Location, Inc. and O'Loughlin Trade Shows Entertainment on Location, Inc. Each of these corporations organizes flower shows in which Plaintiffs intended to attend. The substance of the letters accused Plaintiffs of intending to display "knock off" brooms in violation of Franmar's rights, including "trade dress and design of the Broom" at their upcoming flower shows. (Compl. at 9.) As a result, Plaintiffs were forced to retain counsel to respond to each of Defendants' letters to ensure their presence at both of these flower shows. Below is an image purporting to show a side-by-side comparison of the brooms:



(Answer & Countercl. at 20.)

## PROCEDURAL HISTORY

Plaintiffs H.I.S.C. and DePalman filed their Complaint on February 23, 2016. (Docket No. 1.) On May 25, 2016, Defendants Franmar and Rajanayagam filed their Answer and Franmar's Counterclaim. (Docket No. 14.) On the same day, Defendant Rajanayagam filed her Motion to Dismiss for Failure to State a Claim. (Docket No. 15.) On June 20, 2016, Plaintiffs filed their Motion to Dismiss for Failure to State a Claim and for a More Definite Statement. (Docket No. 18.)

# LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556–57 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"); *accord Anticancer Inc. v. Xenogen Corp.,* 248 F.R.D. 278, 282 (S.D. Cal. 2007) (holding *Twombly*'s plausibility standard applies to claims, counterclaims, cross-claims, and third-party claims). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly,* 550 U.S. at 556. "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry,* 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

# DISCUSSION

## I. Defendant Maria Rajanayagram's Motion to Dismiss

Defendant Rajanayagam moves to dismiss Plaintiffs' First through Fifth Claims for Relief against her for failure to state a claim. Specifically, Plaintiffs' First through Fifth Claims seek the following declaratory judgments:

(1) the '664 patent is invalid and unenforceable;

(2) Plaintiffs have not infringed and are not infringing upon the '664 patent;

(3) Defendants' copyright infringement claims are invalid and Plaintiffs have not infringed and are not infringing upon Defendants' copyrights;

(4) Defendants' trademark claims are unenforceable and Plaintiffs have not infringed and are not infringing upon Defendants' trademarks; and

|   |   |
|---|---|
| 1 | (5) Defendants' trade dress is unenforceable and Plaintiffs have not infringed and |
| 2 | are not infringing upon Defendants' trade dress. |

(Def. Rajanayagam's Mot. at 2; Compl. at 9-14.) Each of these claims for relief are predicated on Plaintiffs' allegations that Defendants have asserted and will continue to assert wrongful claims of ownership to the aforementioned intellectual property rights. (*Id.*)

The Declaratory Judgment Act ("Act") permits a federal court to "declare the rights and other legal relations of any interested party seeking such declaration" in cases "of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). In order to obtain relief under the Act, a plaintiff must establish the existence of an Article III case or controversy between the parties. *Anderson v. Everest Nat. Ins. Co.*, 984 F. Supp. 2d 974, 977 (D. Ariz. 2013) (citing *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981). Courts must determine "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

The sole basis of Rajanayagam's Motion is that Plaintiffs' Complaint does not allege specific facts that Rajanayagam claimed "that *she* (as opposed to her company, Franmar) owns or otherwise enjoys any legal interest in the '664 patent, the copyright, or the trademarks or trade dress cited by Plaintiffs.") (Def. Rajanayagam's Mot. at 2.) (emphasis in original.) Rajanayagam further argues that, at most, Plaintiffs have alleged that her company, Franmar, asserted its legal interests in the intellectual property rights of which Plaintiffs seek the declaratory judgments. (*Id.* at 5.) Thus, she concludes, Plaintiffs have failed to plead a concrete dispute between her and Plaintiffs, and the Court should dismiss all five of Plaintiffs' claims for declaratory judgments against her.

Plaintiffs' Opposition asserts the Complaint expressly defined "Franmar" to include both Franmar International Importers, Ltd. and Rajanayagam. (Pls.' Opp'n at 4.)

As a result, Plaintiffs argues, all allegations in the Complaint that follow their definition must be read to include both Defendants. (*Id.*) In her Reply, Rajanayagam argues, without legal support, that Plaintiffs "must plead a concrete dispute of sufficient immediacy between the declaratory judgment plaintiff and *each* declaratory judgment defendant." (Def. Rajanayagam's Reply at 2.) Rajanayagam further argues that Plaintiffs have engaged in generalized pleading, which this Court may decline to accept, and cited to a number of cases for the premise that courts routinely decline to accept "such a shotgun approach to pleading claims." (*Id.*)

It does not appear to the Court that the authority provided by Rajanayagam is analogous to the present case because those cases refer to pleadings in which numerous defendants are named, but it is not clear which acts are attributable to them.[2] (*Id.*) Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007), citing *Bell Atl. Corp., supra,* 550 U.S. at 555 (internal citations omitted).

Here, Rajanayagam admits she "owns[s] and operate[s]" Franmar, and was heavily involved in the design and production of the disputed broom. (Answer & Countercl. at 12, 14.) She also acknowledges that Plaintiffs have stated a claim against "Franmar" in the Complaint. (*See* Def. Rajanayagam's Mot. at 5.) Logically, if Rajanayagam finds a cogent claim asserted against Franmar, she can similarly find a cogent claim asserted

---

[2] For example, Rajanayagam cited to *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (dismissing complaint naming five defendants and John and Jane Doe defendants for "failing to identify which defendants were alleged to be responsible for which alleged violations" and "providing no factual basis to distinguish their conduct"); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (dismissing claims against group of "Defendants," which included any of the ten named defendants or John and Joe Doe defendants, for failure to adhere to notice pleading standards).

against herself. The mere fact that Plaintiffs have pled claims asserting improper actions by two defendants together, *i.e.* Rajanayagam and the company she owns and operates, is not on its own determinative that Plaintiffs have failed to state a claim against the individual defendant. Although the Court agrees that, in some circumstances, a plaintiff who "lumps together" defendants has failed to give fair notice to the defendants of the claims asserted against them individually, the Court finds Plaintiffs provided sufficient notice of their claims against Rajanayagam in their Complaint.

Accordingly, Defendant Rajanayagam's Motion to Dismiss is **DENIED**.

## II.     Plaintiffs/Counterclaim Defendants' Motion to Dismiss

Franmar's Counterclaim alleges four claims for relief: (1) trade dress infringement; (2) unfair competition under 15 U.S.C. § 1125(a); (3) common law unfair competition; and (4) unfair competition under California Business and Professions Code §§ 17200 *et seq*. Plaintiffs move to dismiss Franmar's Counterclaim in its entirety.

As a preliminary matter, although Plaintiffs move to dismiss all of Franmar's claims, after reviewing Plaintiffs' Motion, the Court finds Plaintiffs only argue that Franmar has failed to state a claim for trade dress,[3] upon which the other three claims rely. (Pls.' Mot. at 2.) Thus, the Court need only determine whether Franmar has stated a claim for trade dress or should be required to provide a more definite statement.

---

[3] Although both Plaintiffs' and Franmar's moving papers discuss whether Franmar adequately identified a "protectable trademark," the Court did not discern a trademark infringement claim in Franmar's Counterclaim. The Counterclaim refers to "The Original Garden Broom Trademark" at page 19, but none of the claims for relief appear to allege a trademark infringement claim. (*See* Answer & Countercl. at 19, 21-25.) Rather, as identified above, the Counterclaim asserts four claims for relief: (1) trade dress infringement; (2) unfair competition under 15 U.S.C. § 1125(a); (3) common law unfair competition; and (4) unfair competition under California Business and Professions Code §§ 17200 *et seq*. Thus, the Court concludes these arguments are not relevant to the instant Motion and it need not address them.

To assert a claim for trade dress infringement, a plaintiff must allege facts to show: (1) the trade dress is non-functional; (2) the trade dress is inherently distinctive or has acquired secondary meaning; and (3) the defendant's product creates a likelihood of confusion to consumers. *See Millennium Labs., Inc. v. Ameritox, Ltd.*, 817 F.3d 1123, 1127 (9th Cir. 2016) (citing *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) (internal citations omitted)). Here, Plaintiffs do not assert that Franmar has failed to plead the existence of any of the three elements. They argue instead that Franmar's Counterclaim "only vaguely alleges the features it claims as its protectable trade dress." (Pls.' Mot. at 4.) As such, Plaintiffs ask the Court to order Franmar to provide a more definite statement. (*Id.* at 6.)

As stated above, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, "[t]he Ninth Circuit has emphasized that '[t]rade dress is the composite tapestry of visual effects. Courts have repeatedly cautioned that, in trademark—and especially trade-dress cases, the mark must be examined as a whole, not by its individual constituent parts.'" *Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014) (quoting *Clicks Billiards, supra,* 251 F.3d at 1259). At the pleading stage, "[s]o long as a plaintiff has alleged a complete recitation of the concrete elements of its alleged trade dress, it should be allowed to proceed." *Lepton Labs*, 55 F. Supp. 3d at 1240 ("A court must test the legal merits of a plaintiff's alleged trade dress at summary judgment or trial when the parties provide with all relevant, admissible evidence—not at the pleading stage when the court has little more than the plaintiff's allegations and the defendant's summary denial of them.").

Franmar cited to several cases[4] where courts have found that photographs or other images, in conjunction with written pleadings, were sufficient to identify a plaintiff's

---

[4] *Emeco Indus., Inc. v. Restoration Hardware, Inc.*, No. C-12-5072 MMC, 2012 WL 6087329, at *1 (N.D. Cal. Dec. 6, 2012) (finding sufficient pleading of trade dress claim

claimed trade dress. Plaintiffs agree that "a plaintiff *can* sufficiently identify an alleged trade dress infringement with a combination of specific allegations and photographs." (Pls.' Reply at 2) (emphasis in original).  Plaintiffs also acknowledge that Franmar's Counterclaim alleges it has a protectable trade dress interest in the "overall look and configuration of The Original Garden Groom [sic], consisting of its shape, size, color, and specific combination of components." (Pls.' Mot. at 4, citing Answer & Countercl. at 14.) In addition, Plaintiffs admit Franmar's Counterclaim alleges it has a protectable interest in the following features: (1) the "wide-fan appearance," (2) the "cylindrical, smooth handle," and (3) the "intricate and ornate weaving on the broom.[5]" (Pls.' Mot. at 6.) Nevertheless, Plaintiffs argue it cannot adequately respond without more specific facts as to "what features Franmar alleges constitute its protected trade dress and what aspects of that trade dress it alleges are infringed." (*Id.*) Plaintiffs further argue that "[s]imply putting a photograph of the two products next to each other . . . is not sufficient information for Plaintiffs to prepare a response. (*Id.*)

The Court finds Plaintiffs' argument meritless for two reasons.  First, contrary to Plaintiffs' assertions, the Court finds that the combination of Franmar's written description of its claimed trade dress and the images provided is a sufficient "short and plain statement of the claim" to indicate to Plaintiffs what Franmar alleges is its protectable trade dress. *See* Fed. R. Civ. P. 8(a)(2); *Axis Imex, Inc. v. Sunset Bay Rattan, Inc.,* No. C 08-3931 RS, 2009 WL 55178, at *3 (N.D. Cal. Jan. 7, 2009) ("Under Rule 8

---

based on description of trade dress in pictorial and narrative forms); *Axis Imex, Inc. v. Sunset Bay Rattan, Inc.,* No. C 08-3931RS, 2009 WL 55178, at *3 (N.D. Cal. Jan. 7, 2009) (finding pleading combined with attached images sufficient to identify claimed trade dress); *Aadventure Prod., Inc. v. Simply Smashing, Inc.,* No. 07CV499 BTM(AJB), 2007 WL 2775128, at *1 (S.D. Cal. Sept. 20, 2007) (finding complaint's identification of the trade dress, as set forth in an exhibit to the complaint, to be sufficient).

[5] The Court notes Plaintiffs did not discuss that Franmar identified an additional feature of the "coconut shell on the top of the bristles" as part of its trade dress. (Answer & Countercl. at 14.)

of the [FRCP], this newly attached picture in combination with the pleadings . . . sufficiently identifies the trade dress with particularity to warrant denial of the motion to dismiss the trade dress claim.") Second, Franmar alleged, alternatively or additionally, that Plaintiffs' infringed Franmar's trade dress by repackaging Franmar's brooms with Plaintiffs' own label. (Answer & Countercl. at 21.) In either case, Franmar alleges Plaintiffs' infringed upon its trade dress by copying either the individually described features or the entire design of The Original Garden Broom.

      Lastly, Plaintiffs argue, without any legal authority, that Franmar failed to state a claim because it did not sufficiently allege that it owned the rights to the alleged trade dress. Plaintiffs contend Franmar does not have standing to sue for trade dress infringement because: (1) it did not allege assignment of the trade dress rights from Rajanayagam, and (2) it failed to allege that its rights are superior to others' trade dress rights. (Pls.' Mot. at 6.) In particular, Plaintiffs assert that Franmar lacks standing because it did not allege that its trade dress rights were superior to those of Defendant Ravi on the grounds that Ravi owns the patent[6] to the disputed broom "with features similar, if not identical, to, Franmar's alleged trade dress." (Id. at 7.)

      In its Opposition, Franmar cited to several cases to support its contention that it was not required to allege ownership or superior rights to the claimed trade dress to have standing to bring its trade dress infringement claim. (Franmar's Opp'n at 6-7.) Plaintiffs' reply repeats its earlier arguments, but provides no contradicting authority for its arguments.

      Section 43(a) of the Lanham Act provides a cause of action for trade dress infringement to "any person who believes that he or she is or is likely to be damaged" by

---

[6] Plaintiffs identify and request the Court take judicial notice of Ravi's Sri Lankan patent application and the '664 patent, attached to their Motion as Exhibits A and B, to support this contention. The Court declines to take judicial notice because the patents are not relevant to the Court's determination of Franmar's trade dress infringement claim, as will be explained in further detail below.

a defendants' false designation of origin or use of false or misleading descriptions. 15 U.S.C. § 1125(a)(1). It reasonably follows that "[o]wnership is not a prerequisite for standing in a § 43(a) claim." *Chihuly, Inc. v. Kaindl*, No. C05-1801-JPD, 2006 WL 83462, at *3 (W.D. Wash. Jan. 11, 2006) (citing 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 27:21 (2005)). However, a non-owner must have "some cognizable interest in the allegedly infringed trademark" to have standing. *Id.* The Ninth Circuit has previously held that, to establish standing for a claim under the "false association prong" of § 43 of the Lanham Act, a plaintiff "need only allege commercial injury based upon the deceptive use of a trademark or its equivalent." *Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005).

As the Court discussed above, Franmar's Counterclaim sufficiently identifies its claimed trade dress. Franmar's Counterclaim alleges it was "Ravi's sole and exclusive distributor in North America for The Original Garden Broom." (Answer & Countercl. at 14.) As a result of Plaintiffs' alleged trade dress infringement, Franmar "lost substantial sales of The Original Garden Broom and the value of [its] trade dress." (*Id.* at 22.) Additionally, Franmar suffered monetary damages consisting of the "sales and profits" obtained by Plaintiffs as a result of their infringement. (*Id.*) At this initial pleading stage, the Court finds Franmar has alleged sufficient facts to establish standing for its trade dress infringement claim.

Therefore, Plaintiffs' Motion to Dismiss is **DENIED**.

///
///
///
///
///
///
///

## CONCLUSION

For the reasons set forth above, the Court **DENIES** both Defendant Rajanayagam's Motion to Dismiss and Plaintiffs' Motions to Dismiss.

**IT IS SO ORDERED.**

DATED: December /9, 2016

_____
HON. ROGER T. BENITEZ
United States District Judge