1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   H.I.S.C, INC. *et al.*,                    Case No.:  16-CV-480-BEN(WVG)

12                              Plaintiffs,
                                              **ORDER GRANTING JOINT**
13   v.                                        **MOTION TO COTINUE; and**
                                              **AMENDED NOTICE AND ORDER**
14   FRANMAR INTERNATIONAL                     **FOR EARLY NEUTRAL**
     IMPORTERS, LTD. *et al.*,                 **EVALUATION CONFERENCE AND**
15                                             **CASE MANAGEMENT**
                              Defendants.      **CONFERENCE**
16
17
18                                             **[Doc. No. 46.]**

19       The Early Neutral Evaluation ("ENE") currently set for August 30, 2017 is

20   VACATED.[1]  Instead, IT IS HEREBY ORDERED that an ENE of your case will be held

21   on **September 6, 2017**, at **2:00 p.m.**, before United States Magistrate Judge William V.

22   Gallo, United States Courthouse, Courtroom 2A, Second Floor, 221 West Broadway, San

23   Diego, California.  In the event the case does not settle at the ENE Conference, the parties

24   shall also be prepared to participate in a Case Management Conference, pursuant to Federal

25   Rule of Civil Procedure 16(b)

26   _____

27

28   [1] All other dates in the Court's June 30, 2017 Order remain as previously set and are
     restated herein.

                                        1

Additionally, **on August 21, 2017, beginning at 8:15 a.m.**, the Court will hold an attorneys-only telephonic status conference with each party separately.[2] The purpose of this confidential, off-the-record teleconference is for the Court's benefit in assessing each party's concerns, challenges, and whether the Court can assist in alleviating these. **On or before August 16, 2017,** each attorney intending to participate shall lodge, via electronic mail addressed to efile_Gallo@casd.uscourts.gov, (1) the name of each attorney who will participate and (2) a telephone number at which each attorney may be reached <u>directly</u> without fail at the time of the conference.

Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, both counsel **<u>and the parties</u>** who have full and unlimited authority[3] to negotiate and enter into a binding settlement shall appear **<u>in person</u>** at the conference and shall be prepared to discuss the claims, defenses and damages. Where the suit involves the United States or one of its agencies, only counsel for the United States with full settlement authority need appear. All conference discussions will be informal, off the record, privileged and confidential.

Patent L.R. 2.1.a requires that an ENE take place within 60 days of the filing of the first answer. Requests to continue ENEs are rarely granted. However, the Court will

---

[2] The Court will contact the first party and proceed to contact the remaining parties one at a time. Each call may be short or lengthy. Counsel are required to be available for the Court's call beginning at the appointed time and remain available until they are called.

[3] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

consider formal, written *ex parte* requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear in person is not "extraordinary." **Absent extraordinary circumstances, requests for continuances will not be considered unless submitted in writing no less than seven days prior to the scheduled conference.**

## Settlement Proposal and Response Required

The exchange of settlement proposals was to have already taken place.

## ENE Statements Required

**In accordance with the Court's Chambers Rules, each party shall exchange its settlement Statement with all opposing parties. Additionally, in accordance with the Court's Chambers Rules, each party shall submit a confidential or non-confidential Statement to the Court. Both the exchange of Statements between the parties and submissions of Statements to the Court shall occur on or before August 11, 2017.** The Statement each party submits directly to the chambers shall be five pages or less and shall outline the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of, and attempts to settle the case. **All Statements must comply with the Court's Chambers Rules.**

The parties shall meet and confer in good faith prior to the ENE Conference, and verify that they have done so in their respective ENE Conference statements, outlining the substance of their discussions and negotiations.

The parties shall also lodge with Magistrate Judge Gallo's chambers a chronology, setting forth a timeline of the factual events that are the basis for the claims and defenses asserted in this litigation. The chronology should be in a chart or column format with the column headings "DATE" and "EVENT" and may be annotated with documents significant to the facts or issues.

Pursuant to Patent L.R. 2.1.a, the Rule 26(f) conference should have been completed on or before July 31, 2017.

Any objections made to initial disclosures pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A-D) are overruled, and the parties are ordered to proceed with the initial disclosure process. Any further objections to initial disclosure will be resolved as required by Rule 26. Initial disclosures pursuant to Rule 26(a)(1)(A-D) should have occurred on or before August 4, 2017;

The parties' Federal Rule of Civil Procedure Rule 26(f) discovery plan including the topics set forth in Patent L.R. 2.1.b.1-4 shall be <u>lodged</u> with Magistrate Judge Gallo **<u>no later than August 11, 2017</u>**;

In the event the case does not settle at the ENE Conference, the parties shall also be prepared to participate in a Case Management Conference, pursuant to Federal Rule of Civil Procedure 16(b).[4]

Plaintiff's counsel shall notify all Defendants that have not yet made an appearance in the case of the date and time of the ENE and Case Management Conference. Questions regarding this case may be directed to the Magistrate Judge's research attorney at (619) 557-6384.

**IT IS SO ORDERED.**

DATED: August 7, 2017

Hon. William V. Gallo
United States Magistrate Judge

---

[4] Counsel shall review the undersigned's Chambers Rules for guidance on completing the proposed discovery plan. Counsel are further advised to consult the Chambers Rules of the District Judge assigned to this case for case timeline preferences, if any.