# EXHIBIT J

# Gabriel Hedrick

| | |
|---|---|
| **From:** | Vincent LaMonaca <Vincent.A.LaMonaca@qvc.com> |
| **Sent:** | Wednesday, April 18, 2018 12:11 PM |
| **To:** | davidflyer@flyerandflyer.com |
| **Cc:** | Gabriel Hedrick |
| **Subject:** | RE: A2003 HISC v Franmar Subpoenas |
| **Attachments:** | 20180418135628175.pdf |

David,

I will accept service of this subpoena, which I understand is intended to replace the three subpoenas *duces tecum* that were served on the individual QVC employees. I understand that amendments are being proposed to the existing protective order such that it will apply to confidential documents produced by non-parties.

I did send Raquel an email yesterday regarding the availability (and non-availability) of the three witnesses during the week of May 7. Let me know if you do not have that.

Vince

*Vincent A. LaMonaca*
**Associate General Counsel**
**QVC, Inc.**
**1200 Wilson Drive, MC-207**
**West Chester, Pennsylvania 19380**
**Phone: 484.701.8388**
**Fax: 484.701.1021**
**Email: vincent.lamonaca@qvc.com**

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. This e-mail may also contain (a) information subject to the attorney/client privilege, or (b) attorney work product. If you are not the intended recipient of this e-mail (even if the e-mail address above is yours), (i) you may not use, copy or retransmit it, (ii) please delete this message and (iii) please notify the sender immediately. Any disclosure, copying, or distribution of this message or the taking of any action based on it, is strictly prohibited.

**From:** davidflyer@flyerandflyer.com [mailto:davidflyer@flyerandflyer.com]
**Sent:** Wednesday, April 18, 2018 2:34 PM
**To:** Vincent LaMonaca <Vincent.A.LaMonaca@qvc.com>
**Subject:** A2003 HISC v Franmar Subpoenas

Dear Mr. LaMonaca:

Thank you for your courteous April 17, 2018 email to Raquel Flyer agreeing to accept service of a subpoena duces tecum to QVC. As Ms. Flyer is out of the office for the next two weeks, I respond in her stead.

Attached is a subpoena for records directed to QVC, Inc.'s custodian of records. Would you kindly accept service? Please call me if you wish to discuss. Thank you.

1

Respectfully yours,

David R. Flyer
Flyer & Flyer, a Professional Law Corporation
4120 Birch St., Ste. 101
Newport Beach, CA 92660
949-622-8444
949-622-8448 (fax)
DavidFlyer@FlyerandFlyer.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| H.I.S.C., Inc. and DePalma Enterprises, Inc., <br> *Plaintiff* <br> v. <br> Franmar International Importers, Ltd.; Maria Rajanayagam; and Ravi Industries Limited, <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:16-cv-00480-BEN-WVG |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **CUSTODIAN OF RECORDS, QVC, INC.**
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A

| Place: Esquire Deposition Solutions <br> 1835 Market Street, Suite 2600 <br> Philadelphia, PA 19103 | Date and Time: <br> 05/09/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/17/2018

*CLERK OF COURT*                                   OR      *[signature]*

_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants** Franmar International Importers, Ltd.; Maria Rajanayagam , who issues or requests this subpoena, are:
Raquel Flyer, Flyer & Flyer, PLC, 4120 Birch St., Ste. 101, Newport Beach, CA 92660, (949) 622-8444

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:16-cv-00480-BEN-WVG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A TO SUBPOENA TO QVC TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

## DEFINITIONS

As used in these requests, the following terms are intended to have the following meanings:

1. "Document" shall have the broadest possible meaning permitted by Fed. R. Civ. P. 26 and 34 and the relevant case law, including electronic mail, writings, recordings, photographs, computer records and memory, source code, hardware description codes, and all drafts and non-identical copies (whether they differ from the original because they contain notes or were sent to different persons, or for other reasons).

2. "Relating to," "related to," "relate(s) to," "concerning," and "concern" mean all things or documents that in any way discuss, constitute, refer to, are connected with, arise from, reflect, assess, record, summarize, evaluate, or comment on the subject or object of the discovery request.

3. "Person" means any individual, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency as defined below.

4. "Including" and "include" mean, respectively, including without limitation and include without limitation, so that if a request provides an example of the type of documents or information you are asked to provide, your response is not limited to that example.

5. "And" and "or" are terms of inclusion and not of exclusion, and should be construed disjunctively or conjunctively as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside their scope.

6. "Any" includes "all"; "all" includes "any."

-1-

Attachment A

[Z:\A2003\Discovery\Attachment3SubpQVC-01pld.wpd]

7. The singular form of any term includes the plural, and the plural form of any term includes the singular.

8. The present tense of any verb includes the simple past, past perfect, simple future, and future perfect tenses. For example, "use" includes "used," "will use," "had used," and "will have used."

9. "FRANMAR" or "Defendant" refers to Franmar International Importers, Ltd., a Canadian Corporation, as well as its consultants, agents, representatives, officers, directors, affiliates, predecessors- and successors-in-interest, subsidiaries, assignees, employees, and attorneys.

10. "Plaintiffs" refers to H.I.S.C., INC., a California Corporation, and DEPALMA ENTERPRISES, INC., a California Corporation, and their consultants, agents, representatives, officers, directors, affiliates, predecessors- and successors-in-interest, subsidiaries, assignees, employees, and attorneys, collectively.

11. "Garden Broom" and "The Original Garden Broom" refers to the brooms marketed and sold by Defendant/Counterclaimant Franmar International Importers, Ltd.

12. "The Ultimate Garden Broom" and/or U.S. Registration Number 4953250, refer to the brooms marketed and sold by Plaintiff/Counter-Defendants H.I.S.C., INC., and/or Depalma Enterprises, Inc.

13. "You" or "your" means QVC, Inc. and/or any other person or entity that does business as "QVC, Inc.," their subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

14. "Ekel Brooms" means any broom made to appear like The Original Garden Broom, Garden Broom, and/or The Ultimate Garden Broom.

//

## INSTRUCTIONS

1. You shall produce the below described documents or other things, and a written statement related thereto at the offices of counsel for Defendant/Counterclaimant, Flyer & Flyer, a Professional Law Corporation, 4120 Birch St., Ste. 101, Newport Beach, CA 92660, within 30 days from the date of service.

2. Propounding party further requests that if any document or thing is no longer in the possession, custody, or control of responding party, that responding party state whether it was lost, destroyed or otherwise disposed of, and describe the circumstances of such disposition.

3. If you contend that any document which otherwise comes within the purview of this request is privileged and, therefore, not subject to production, include a statement describing each such document sufficiently to allow propounding party to move the court to compel its disclosure. The description should include, but not be limited to, the following:

(1) The name of the person who prepared the item;

(2) The name of each person to whom the item was addressed and distributed;

(3) The date of the item;

(4) The description of the general nature of the item;

(5) The specific privilege(s) which responding party contends applies to the item;

(6) The grounds which responding party feels establish the privilege as to the item; and

(7) Identify and produce any portion of such item which responding party does not contend is privileged.

If you object to production of any document on any other ground, such objection must be fully and specifically stated, including the grounds therefore.

-3-

Attachment A

[Z:\A2003\Discovery\Attachment3SubpQVC-01pld.wpd]

DEMAND FOR PRODUCTION

Request No. 1. Produce ALL DOCUMENTS RELATING TO PURCHASES OF Ultimate Garden Broom by number of brooms and dollar amounts from Plaintiffs from May 1, 2015, to the present.

Request No. 2. Produce ALL DOCUMENTS RELATING TO the decision to cancel Original Garden Broom after May 1, 2015.

Request No. 3. Produce ALL DOCUMENTS RELATING TO correspondence and communications generated by Plaintiffs, including but not limited to Roxanne DePalma and/or Robert DePalma which mention Maria Rajanayagam.

Request No. 4. Produce ALL DOCUMENTS RELATING TO shipping and bills of lading which relate to deliveries of the Ultimate Garden Broom to QVC, Inc., and/or its warehouses, from Plaintiffs from May 1, 2015 to the present.

-4-

[Z:\A2003\Discovery\Attachment3SubpQVC-01pld.wpd]

Attachment A