UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.I.S.C, INC. *et al.*,<br><br>         Plaintiffs,<br><br>v.<br><br>FRANMAR INTERNATIONAL IMPORTERS, LTD. *et al.*,<br><br>         Defendants. | Case No.: 16-CV-480-BEN(WVG)<br><br>**ORDER RE: (1) DISPUTES OVER DEFENDANTS' RESPONSES TO PLAINTIFFS' RFPS AND (2) PLAINTIFFS' CHALLENGES TO THIRD-PARTY QVC SUBPOENAS**<br><br>**[Doc. Nos. 78, 79, 87, 88, 91 & 92.]** |

Pending before the Court are two sets of discovery disputes about (1) four document and deposition subpoenas that Defendants served upon non-party QVC (Doc. Nos. 87, 88, 91 & 92) and (2) Defendants' responses to multiple requests for production of documents ("RFPs") (Doc. Nos. 78 & 79). The Court convened a telephonic discovery conference on May 4, 2018.

As explained below, Plaintiffs' request to quash the QVC subpoenas and for a protective order to prevent the depositions is DENIED. However, as set forth in the Conclusion of this Order, the Protective Order the Court previously entered in this case is amended to include QVC.

With respect to the RFPs dispute, the Court previously found the parties failed to present the dispute in a timely manner in violation of the Court's Civil Chambers Rules

and accordingly for the most part declined to entertain the dispute. However, with respect to RFPs 55, 56, 58, and 59, Defendants are ordered to take additional action as set forth in the Conclusion of this Order.[1]

## I. PERTINENT BACKGROUND

QVC, Inc. is a third party television network that facilitated the sales of the competing brooms in this case. During a deposition in February 2018, opposing counsel agreed on the record that they would not reach out to each other's business contacts without first contacting and discussing the matter with each other. (Doc. No. 88-1 at 4-5.) On April 12, 2018, Defendants served four subpoenas upon QVC without reaching out to Plaintiffs' counsel to discuss the matter as previously agreed. Defendants served one subpoena *duces tecum* and three deposition subpoenas to QVC employees. The depositions were originally noticed for May 9, 2018 in Philadelphia, PA, but defense counsel and counsel for QVC have been working to find an alternate date that is more convenient for the QVC employees. Defendants represent that all of the depositions can be completed in one day.

To coordinate the documents and deposition subpoenas, defense counsel contacted QVC's in-house counsel, who has fully cooperated with Defendants. QVC counsel offered the QVC employees for deposition, proposed several alternate dates when all three employees would be available, and requested that the Protective Order in this case be modified to include QVC. (Doc. No. 87 at 3.) QVC counsel also suggested that rather than each subpoenaed employee producing documents, Defendants could depose QVC's custodian of records. (*Id.* at 3-4.) Defense counsel agreed and withdrew the pending document subpoenas and issued a subpoena upon QVC's document custodian. (*Id.*) Defense counsel then reached out to Plaintiffs' counsel, who then suggested that the

---

[1] Due to the untimeliness of the dispute, which the Court discussed on the record, the discussion in this Order focuses on the QVC subpoenas. The parties are directed to the Conclusion of this Order for instructions on the RFPs dispute.

records custodian deposition could be avoided—Plaintiffs would produce the documents in Defendants' document subpoena and stipulate to their authenticity. (Doc. No. 88 at 9.) In exchange, Plaintiffs asked that all of the pending subpoenas, including the deposition subpoenas, be withdrawn. (*Id.*) Although Defendants agreed with the proposal to avoid the custodian's deposition, they could not agree to withdraw the deposition subpoenas. (Doc. No. 87 at 4.)

## II.  DISCUSSION

### A.  The Court Lacks Jurisdiction to Quash the Subpoenas

The first and most fundamental reason the Court declines to quash the subpoena *duces tecum* is its lack of authority to do so.

The provision in Rule 45 that permits the quashing of a subpoena has gone through various iterations over the years. It initially did not specify which court had the authority to quash a subpoena but later specified that the "issuing court" had such power. *SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829, 831 (9th Cir. 2011). That provision changed again in 2013, when Rule 45 was amended to vest quashing authority in the "court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A), (B). The issuing court does not have authority to quash a subpoena unless, of course, compliance is also required in that the same district where that court sits. *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014) (Under the federal rules, as amended in 2013, "a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required."); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 14 CV 0708, 2014 U.S. Dist. LEXIS 114348, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) ("Under the current version of [Rule 45], when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."); *see also Chambers v. Whirlpool Corp.*, No. SACV 11-1733, 2016 WL 9451360, at *3 (C.D. Cal. Aug. 12, 2016) (same).

Here, this Court is the issuing Court. The Eastern District of Pennsylvania, which encompasses the city of Philadelphia is the district in which compliance has been designated by all of the disputed subpoenas. Accordingly, this Court lacks jurisdiction to quash the subpoenas. *Accord Victorino v. FCA US LLC*, No. 16CV1617-GPC(JLB), 2018 U.S. Dist. LEXIS 13241, at *3 (S.D. Cal. Jan. 25, 2018); *Uehling v. Millennium Labs., Inc.*, No. 16CV2812-L(MDD), 2018 U.S. Dist. LEXIS 3950, at *4 (S.D. Cal. Jan. 9, 2018); *Youngevity Int'l, Corp. v. Smith*, No. 16CV704-BTM(JLB), 2017 U.S. Dist. LEXIS 206797, at *13 (S.D. Cal. Dec. 15, 2017). Plaintiffs' contention that they have sufficient interest in the subpoenas is meritless in the context of jurisdiction analysis. As discussed below, a party's interest is a matter of standing, not jurisdiction, and Rule 45 clearly vests jurisdiction in another court.

**B.     Plaintiffs Lack Standing to Challenge the Subpoena Duces Tecum**

    **1.     The Subpoena *Duces Tecum***

A party generally has no standing to move to quash or modify such a subpoena issued to a third person "except as to claims of privilege relating to the documents being sought." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014)). "Thus, prior to a deposition, only the nonparty witness (or a party claiming privilege as to subpoenaed documents) may move" to quash or modify the subpoena or for a protective order. O'Connell & Stevenson, *Rutter Group Prac. Guide: Federal Civ. Proc. Before Trial* § 11:2286 (emphasis in original). Some district courts have found standing where the subpoena opponent "claims some personal right or privilege with regard to the documents sought." *Haw. Reg'l Council of Carpenters v. Yoshimura*, No. 16-198-ACK-KSC, 2017 U.S. Dist. LEXIS 22733, at *4 (D. Haw. Feb. 17, 2017). A party has no standing to move to quash a subpoena on the ground that it is unduly burdensome when the non-party has not objected on that basis. *Id.* at *5 (citing *Chevron Corp. v. Donziger*, 2013 U.S. Dist. LEXIS 119622, at *14 (N.D. Cal. Aug. 22, 2013)); *see also Acosta v. Wellfleet Communs., LLC*, No. 16CV02353-GMN-GWF, 2017 U.S. Dist. LEXIS 185471, at *14 (D. Nev. Nov. 8, 2017).

Here, Plaintiffs primarily focus on Defendants' purported failure to comply with Rule 45(a)(4)'s pre-service notice requirement and Defendants' failure to contact Plaintiffs to discuss the depositions as they had agreed. To the extent Plaintiffs mention any interest they have in the matter, Plaintiffs focus on their continuing purported sensitive business relationship with QVC rather than any legally protectable interest *in the documents being sought*. However, even if Plaintiffs had claimed a protectable interest in the documents, the merit of such interest would be highly questionable given that Plaintiffs offered to produce all of the documents if Defendants withdrew the three deposition subpoenas. Indeed, Plaintiffs conclude their discovery dispute brief by making the same offer. (Doc. No. 88 at 15.) Thus it is clear that Plaintiffs' opposition to the subpoena *duces tecum* is motivated by a desire to prevent the depositions of the QVC employees rather than to protect any interest they have in the documents Defendants seek.

Ultimately, Plaintiffs have not asserted any claim of privilege to the documents being sought, and they do not argue they have any other protected interest in the subpoenaed documents. Quite the opposite is evidenced by their willingness to produce the documents and stipulate to their authenticity. All of this is insufficient to establish standing. Accordingly, Plaintiffs lack standing to challenge the subpoena *duces tecum*.

### 2. The Deposition Subpoenas

A party has no standing to move to quash a subpoena on the ground that it is unduly burdensome when the non-party has not objected on that basis. *Haw. Reg'l Council of Carpenters v. Yoshimura*, No. 16-198-ACK-KSC, 2017 U.S. Dist. LEXIS 22733, at *5 (D. Haw. Feb. 17, 2017) (citing *Chevron Corp. v. Donziger*, 2013 U.S. Dist. LEXIS 119622, at *14 (N.D. Cal. Aug. 22, 2013)); *see also Acosta v. Wellfleet Communs., LLC*, No. 16CV2353-GMN-GWF, 2017 U.S. Dist. LEXIS 185471, at *14 (D. Nev. Nov. 8, 2017). Here, QVC has negotiated with defense counsel to come to mutually-convenient dates and other terms and by all accounts stands ready and willing to proceed with the depositions and produce all documents. Plaintiffs' arguments about any burden to QVC are not theirs to make. QVC is free to mount such challenges but has rather tellingly chosen not to do

so but has instead cooperated with defense counsel.[2] Accordingly, Plaintiffs also lack standing to challenge the depositions subpoenas.

## C. Rule 45(a)(4)'s Notice Requirement and the Parties' Private Agreement

Rule 45(a)(4) requires that if a "subpoena commands the production of documents . . . , then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Plaintiffs contend the subpoena *duces tucem* must be quashed because Defendant failed to provide them advance notice before serving it. (Doc. No. 88 at 10-13.) Plaintiffs further contend that the three deposition subpoenas should be quashed on the same basis and because Defendants failed to honor the parties' agreement to contact each other before reaching out to their respective clients. (Doc. No. 88 at 13-14.)

As an initial matter, by its very terms, Rule 45(a)(4) applies only to the subpoena *duces tecum*—not to the deposition subpoenas. Had the Rule intended this provision apply to all types of subpoenas, it would not have specifically identified and carved out subpoenas that command "the production of documents" in Rule 45(a)(4). That then leaves Plaintiffs with the parties' agreement as the only pre-service notice reason to quash the subpoena. Had the Court jurisdiction here, the parties' private agreement would not be a legal basis for a court to quash a subpoena. As far as a motion to quash is concerned, the parties are bound by existing legal doctrine anchored in statutes, rules, and case law. They cannot create additional reasons for quashing subpoenas through private agreements, even if such agreements are sanctioned by Rule 29(b). Accordingly, the parties' private agreement is of no moment in the Court's consideration of this dispute.

## D. Plaintiffs' Request for a Protective Order

In the alternative, Plaintiffs ask the Court to enter a protective order to prevent the QVC depositions because QVC lodged objections to the depositions. After the discovery

---

[2] The boilerplate objections QVC has lodged are discussed below.

conference, counsel provided QVC's objections to the Court. A review of the objections revealed that they were wholly boilerplate and replete with "to the extent that" qualifying language. The Court disfavors such boilerplate objections, which essentially are not genuine objections and are lodged only to avoid waiver. The pro forma nature of these objections, which lack substance, is especially clear given that QVC has not otherwise resisted compliance with the subpoenas but instead has worked with defense counsel to schedule the depositions to minimize inconvenience to QVC employees. And defense counsel, for his part, also has aimed to minimize the inconvenience. Thus, any argument that the three depositions that are anticipated to be completed in one day are harassing or burdensome are likewise meritless. However, even if the depositions were burdensome, such burden would be outweighed by Defendants' need for the information given the nature of the claims and counterclaims. Accordingly, Plaintiffs' request for a protective order is denied. The foregoing notwithstanding, the Court will hold Defendants to their representation that the depositions can be completed in one day. Accordingly, Defendants shall complete the depositions in one day for a maximum of seven (7) total hours.

### III. CONCLUSION

With respect to the RFPs dispute, the parties failed to present the dispute in a timely manner in violation of the Court's Civil Chambers Rules. As explained in detail on the record during the discovery conference on May 4, 2018, the Court declines to consider the majority of the disputed RFPs. However, with respect to RFPs 55, 56, 58, and 59, Defendants are ORDERED to produce any responsive documents that exist on or before May 11, 2018. On or before that date, Defendant Maria Rajanayagam shall file a declaration and attest under the penalty of perjury (1) that she has conducted a diligent search for the contract mentioned in these RFPs (or a draft, if the contract was not executed) and describe with particularity what steps she has taken to locate it, (2) that she has requested (with proof attached) Ravi Industries Limited to produce its copy of the contract (or draft), and (3) state what Ravi's response was.

Plaintiffs' request to quash the disputed subpoenas and for a protective order are DENIED as set forth above. The foregoing notwithstanding, the Court will hold Defendants to their representation that the depositions can be completed in one day. Accordingly, Defendants shall complete the depositions in one day for a maximum of seven (7) total hours.

Finally, the Court's December 1, 2017 Protective Order (Doc. No. 65) shall apply with equal force in all respects to QVC, Inc.

IT IS SO ORDERED.

DATED: May 7, 2018

Hon. William V. Gallo
United States Magistrate Judge