| | |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | JUL 27 2020 |
| | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| H.I.S.C, INC.; DEPALMA ENTERPRISES, INC.,<br><br>    Plaintiffs-counter-defendants-Appellants,<br><br> v.<br><br>MARIA RAJANAYAGAM,<br><br>    Defendant-Appellee,<br><br>FRANMAR INTERNATIONAL IMPORTERS, LTD.,<br><br>    Defendant-counter-claimant-Appellee. | No.   19-55515<br><br>D.C. No. 3:16-cv-00480-BEN-WVG<br>U.S. District Court for Southern California, San Diego<br><br>ORDER |

Before: LEE and BUMATAY, Circuit Judges, and MOLLOY,[*] District Judge.

Appellees filed a request for attorneys' fees and costs (No. 53) on July 16, 2020. Fed. R. App. P. 39; 9th Cir. R. 39-1.7. The panel unanimously agrees that this is not a case of exceptional circumstances for which attorney's fees should be awarded to the prevailing party. *See* 15 U.S.C. 1117(a); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) ("[A] request for fees under the Lanham Act should examine the 'totality of the

---

    [*]    The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

2

circumstances' to determine if the case was exceptional . . . including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'").

Therefore, each party is to bear its own fees and costs and Appellees' request for attorneys' fees and costs (No. 53) is **DENIED**.