1

2

3

4

5

6

7

8

9

10

FILED

OCT 23 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| H.I.S.C., INC. and DEPALMA ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FRANMAR INTERNATIONAL IMPORTERS, LTD.; MARIA RAJANAYAGAM; and RAVI INDUSTRIES LIMITED, <br><br> Defendants. | Case No.:  3:16-cv-0480-BEN-WVG <br><br> **ORDER ON MOTIONS FOR** <br> **(1) TREBLE DAMAGES** <br> **(2) ATTORNEY'S FEES** <br><br> **[ECF Nos. 260, 261]** |

21

22

23

24

25

26

27

28

Before the Court are Defendants Franmar International Importers, Ltd. and Maria Rajanayagam's (collectively, "Defendants") Motion for Treble Damages and Motion for Attorney's Fees and Costs.  ECF Nos. 260, 261.  Plaintiffs H.I.S.C., Inc. and DePalma Enterprises (collectively, "Plaintiffs") oppose the motions.  For the reasons set forth below, the Motion for Treble Damages is denied and the Motion for Attorney's Fees and Costs is granted in part.

1

## I.    Background

Following trial, the jury awarded Defendants $265,977.00 for their counterclaim that Plaintiffs committed trade dress infringement in violation of 15 U.S.C. § 1125(a). Verdict, ECF No. 210.  On February 22, 2019, the Court entered final judgment on Plaintiffs' claims and Defendants' counterclaims, documenting the award.  Judgment, ECF No. 213.  Plaintiffs appealed the judgment, and the Ninth Circuit Court of Appeals affirmed both the jury verdict and the Court's denial of request for a new trial on June 23, 2020.  Mandate & Order, ECF No. 263.  The Court of Appeals also denied Defendants' request for attorney's fees on appeal.  Order, ECF No. 262.

Defendants now ask the Court for treble damages based on Plaintiffs' alleged willful infringement of Defendants' trade dress, as well as attorney's fees and costs pursuant to 15 U.S.C. § 1117(a).

## II.    Legal Standards

### A.    Treble Damages or Enhanced Damages

Under 15 U.S.C. § 1117(a), a prevailing party may recover (1) the infringing party's profits, (2) damages sustained by the injured party, and (3) the costs of the action. Where the case involves a counterfeit mark, damages are trebled absent extenuating circumstances.  15. U.S.C. § 1117(b).  However, even in non-counterfeiting cases such as this, the statute provides that "[i]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion *enter judgment* for such sum as the court shall find to be just, according to the circumstances of the case."  15 U.S.C. § 1117(a) (emphasis added).  The increased monetary award must have a remedial or compensatory purpose and must not be punitive in nature.  *Id.*; *see also SkyDive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1114 (9th Cir. 2012).

### B.    Attorney's Fees

The fee-shifting provisions in the Patent Act, 35 U.S.C. § 285, and the Lanham Act are interpreted in tandem.  *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (en banc).  Thus, in "exceptional cases," the Court "may

1  award reasonable attorney's fees to the prevailing party." 15 U.S.C. § 1117(a).  Courts

2  examine whether a case is "exceptional" under a "totality of the circumstances test."

3  *SunEarth, Inc.*, 839 F.3d at 1180 (citing *Octane Fitness, LLC v. ICON Health & Fitness,*

4  *Inc.*, 572 U.S. 545 (2014).  The Court must evaluate a "nonexclusive list of factors,

5  including frivolousness, motivation, objective unreasonableness (both in the factual and

6  legal components of the case) and the need in particular circumstances to advance

7  considerations of compensation and deterrence" in exercising its discretion to award fees.

8  *Id.* (quoting *Octane Fitness*) (internal quotations omitted).

9  **III.  Analysis**

10      **A.  Treble Damages**

11      Defendants' motion requests this award be trebled or at least enhanced due to

12  Plaintiffs' allegedly willful infringement.  Mot., ECF No. 260, 3.

13      Plaintiffs object that Defendants' Motion for Treble Damages is untimely.  Opp'n,

14  ECF No. 264, 1.  Plaintiffs note that while Defendants' initial Motion for Attorney's Fees

15  and Costs was denied without prejudice by the Court pending Plaintiffs' appeal,

16  Defendants did not make a separate Motion for Treble Damages at that time.  *Id.*  Instead,

17  the Motion for Treble Damages was filed only after the Court of Appeals issued its

18  mandate, more than sixteen months after the Court entered judgment in this case.  Mot.,

19  ECF No. 260.  Plaintiffs argue the Motion for Treble Damages should be treated as a

20  Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e).

21  Opp'n, ECF No. 264, 1.

22      While neither party cites cases addressing this issue, the plain language of Rule

23  59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than

24  28 days after the entry of the judgment."  Here, the Court entered judgment on February

25  22, 2019.  Judgment, ECF No. 213.  Judgment was for the amount awarded by the jury,

26  $267,977.00.  *Id.*  While Defendants filed a Motion for Attorney's Fees, Expert Fees, and

27  Costs only eleven days later, they did not file their Motion for Treble Damages until the

28

3

1   appeal was completed.  ECF No. 221; ECF No. 260.  In the instant motion, Defendants

2   plainly seek to alter the Court's judgment to increase the award.  Mot, ECF No. 260, 3.

3         Defendants' response is that they could not file this Motion because the case was

4   stayed on appeal, and that the Motion for Treble Damages does not seek to alter or amend

5   the judgment.  Reply, ECF No. 267, 4.  These arguments are unpersuasive.  Notice of

6   Appeal was not made until May 2, 2019, more than twenty-eight days after the entry of

7   judgment, which left Defendants all the time allowed by Rule 59(e) to make this Motion

8   for the Court to "enter judgment for such sum as the court shall finding to be just,

9   according to the circumstances of the case."  15 U.S.C. § 1117(a).  Moreover, the Parties

10  entered a Satisfaction of Judgment on June 3, 2019.  ECF No. 246.

11        Section 1117(a) plainly contemplates adjusting the award based on the

12  circumstances of the case when the Court "enter[s] judgment."  Thus, a motion to amend

13  that judgment to request additional compensation must conform with the timeliness

14  requirements of Rule 59(e).  In short, Rule 59(e) provides a party twenty-eight days after

15  entry of judgment to seek the upward or downward relief requested under 15 U.S.C. §

16  1117(a).  Defendants' motion does not do so here, and the substantial delay in filing the

17  instant motion results in prejudice to Plaintiffs by forcing them to litigate an issue that the

18  Court squarely put to rest.  Even if the motion had been timely, the Court would have

19  exercised its discretion to decline awarding treble damages.

20        Accordingly, Defendants' Motion for Treble Damages is denied.

21  **B.      Attorney's Fees**

22        Section 1117(a) provides that "[t]he court in exceptional cases may award

23  reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  Defendants argue

24  they are the prevailing parties in this case and that the case is exceptional, entitling them

25  to an attorney's fee award.  Mot., ECF No. 261, 7.  Plaintiffs argue that Defendants are

26  not the prevailing party and that the case is not exceptional, precluding any fee award.

27  Opp'n, ECF No. 265, 3.

28

4

1      The Court first notes that law of the case doctrine does not prohibit the Court from

2      considering an attorney's fee award where appellate attorney's fees were denied by the

3      Court of Appeals.  Order, ECF No. 262.  Defendants' request for attorney's fees on

4      appeal involved applying Federal Rule of Appellate Procedure 39 to Defendants' claims

5      under 15 U.S.C. § 1117(a).  *Id.*  Because the instant motion instead involves attorney's

6      fees before the District Court, the issue is different and the law of the case doctrine does

7      not apply.

8      Next, the Court finds that Defendants are the prevailing party.  The jury found that

9      Plaintiffs committed trade dress infringement and awarded Defendants $265,977.00.

10     Verdict, ECF No. 210, 9.  While Plaintiffs argue Defendants did not prevail on other

11     claims involved in this suit, Defendants unquestionably prevailed on their Lanham Act

12     counterclaims that serve as the basis for their request for attorney's fees.  *See Brighton*

13     *Collectibles, Inc. v. Coldwater Creek, Inc.*, No. 06-CV-1848-H-POR, 2009 WL 160235,

14     at *2 (S.D. Cal Jan. 20, 2009) (holding that a jury's finding of trade dress infringement

15     created a prevailing party).

16     Finally, the Court finds this to be an exceptional case.  "[A]n 'exceptional' case is

17     simply one that stands out from others with respect to the substantive strength of a party's

18     litigating position (considering both the governing law and the facts of the case) or the

19     unreasonable manner in which the case was litigated."  *SunEarth Inc.* 839 F.3d at 1180

20     (quoting *Octane Fitness*, 572 U.S. at 545) (citations omitted).  There, "[t]he Court

21     eschewed a precise rule or formula for making these determinations and instructed that

22     equitable discretion should be exercised in light of the considerations we have

23     identified."  *Id.* at 1180-81) (internal quotations and citations omitted).

24     Here, Plaintiffs had a three-year working relationship with Defendants from which

25     they substantially benefitted.  Plaintiffs took the knowledge they acquired from the

26     relationship and not only set up a competing enterprise but attempted to drive Defendants

27     out of business.  Defs.' Trial Ex. 319 (an email from Plaintiffs' agent stating "we need to

28     keep the village busy so they don't make [brooms] for [Defendants]").  Plaintiffs'

5

1  motivation in filing this case, the Court concludes, was not to fairly litigate meritorious

2  claims but an attempt to corner the market for the products at issue.  Other courts in this

3  district have found such severe conduct to demonstrate an unreasonable litigation

4  position. *See Left Coast Wrestling, LLC v. Dearborn Int'l LLC*, No. 17-CV-0466-LAB-

5  NLS, 2018 WL 2328471, at *11 (S.D. Cal. May 23, 2018).  The Court agrees with this

6  reasoning, which supports the finding that this case is exceptional.  *See SunEarth, Inc.*,

7  839 F.3d at 1181.  Accordingly, the Court exercises its discretion to award attorney's

8  fees.

9          **C.**    **Attorney's Fees Award**

10        Having determined that Defendants are entitled to attorney's fees, the Court must

11  determine whether the requested fees are reasonable.  *See* 15 U.S.C. § 1117(a); *Hensley*

12  *v. Eckerhart*, 461 U.S. 424, 437 (1983).  Defendants seek $477,010.00 in fees to Flyer &

13  Flyer, PLC, and $93,667.45 in fees to Dorsey & Whitney, LLP for a total of $570,677.45

14  in attorney's fees.

15          **i.**    **Global Fee Analysis**

16        The award of attorney's fees under the Patent Act, 35 U.S.C. § 285, and the

17  Lanham Act are interpreted in tandem.  *SunEarth, Inc.*, 839 F.3d at 1180.  Some courts

18  have become concerned about the "wasted effort focused on the recovery of fees" in such

19  cases, which require an extraordinary amount of time and effort that turns the courts into

20  "green-eyeshade accountants."  *Universal Electronics, Inc. v. Universal Remote Control,*

21  *Inc.*, 130 F. Supp. 3d 1331, 1335 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)); *see*

22  *also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany*, 522 F.3d 182,

23  189 (2d Cir. 2007) (O'Connor, J., sitting by designation, joining in the opinion) ("[t]he

24  net result of fee-setting jurisprudence . . . is that the district courts must engage in an

25  equitable inquiry of varying methodology while making a pretense of mathematical

26  precision"); *ITN FLIX, LLC v. Hinojosa*, No. 14-CV-8797-ODW, 2020 WL 1032344, at

27  *3 (C.D. Cal. Mar. 2, 2020) ("[t]he Court instead considers the reasonableness of the

28  hours expended on each motion and the appeal by employing a global view of

1   reasonableness"). "The essential goal in shifting fees (to either party) is to do rough

2   justice, not to achieve audit perfection." *Fox*, 563 U.S. at 838. "So trial courts may take

3   into account their overall sense of a suit, and may use estimates in calculating and

4   allocating an attorney's time." *Id.*

5        Reflecting the modern trend described by the Supreme Court in *Fox*, this Court

6   will begin by generally reviewing this case to determine a reasonable aggregate global

7   amount for fees. The Court's familiarity with this case and these attorneys over a

8   significant period of time provides it sense of the suit and the experience needed to

9   determine a reasonable fee in the context of this litigation.

10       Here, Defendants seek $570,667.45 in attorney's fees and $12,942.11 in costs.

11   This case involved substantial litigation, damages, and the awarding of a permanent

12   injunction. However, the damages awarded by the jury were significantly lower than the

13   amount sought by Defendants. Taking the global fee analysis approach and considering

14   all of the circumstances, the Court finds an award of $134,000.00 to be an appropriate

15   award for attorney's fees. The Court now turns to a more granular analysis to provide

16   further detail.

17               ii.      **Granular Fee Analysis**

18       In Lanham Act cases, the attorney's fee award begins by calculating "the

19   presumptive loadstar figure by multiplying the number of hours reasonably expended on

20   the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d

21   614, 622 (9th Cir. 1993). The award may be adjusted based upon the factors set forth in

22   *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). *Id.* Those factors

23   include:

24       "(1) the time and labor required, (2) the novelty and difficulty of the questions

25       involved, (3) the skill requisite to perform the legal service properly, (4) the

26       preclusion of other employment by the attorney due to acceptance of the case, (5)

27       the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations

28       imposed by the client or the circumstances, (8) the amount involved and the results

obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr* at 69-70. "[T]he opposing party has the burden of submitting evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party." *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1280 (N.D. Cal. 2014) (internal quotations and citations omitted).

Here, Defendants seek $477,010.00 in fees to Flyer & Flyer, PLC. Mot., ECF No. 261, 18. Defendants' request is based on David Flyer's hourly rate of $600 per hour and 529.5 hours of work on this case, and Raquel Flyer's hourly rate of $350 per hour and 411 hours of work on this case. *Id.* Plaintiffs argue several specific time entries contain vague descriptions of services rendered and block billing, "such that it is impossible to determine how much time counsel billed for each individual task, rendering [impossible] a determination of whether that time was reasonable." Opp'n, ECF No. 265, 15. Plaintiffs further argue that certain *Kerr* factors warrant a downward departure from the lodestar, and that Defendants' counsel took this case on a contingent fee basis which would make its requested attorney's fees unreasonable given the amount awarded at trial. *Id.* at 16-17. Defendants do not address any of Plaintiffs' specific challenges to their billing entries in their Reply.

As to the lodestar, Defendants first argue David Flyer's entries such as "[r]eceive and review documents from Keyes, advise client," "[a]dvise client, prepare memorandum," and "[d]ictate opinion letter to client" are vague and should be discounted. Opp'n, ECF No. 265, 15. The Court disagrees. These descriptions adequately document tasks that are required to carry out the attorneys' duties during this litigation while necessarily being somewhat limited to protect work product and privileged information. *See Pierce v. City of Orange*, 905 F. Supp. 2d 1017, 1029 (C.D. Cal. 2012). Moreover, many of Defendants' objections to block billing involve document review in a case that contained 20,000 pages of discovery documents and

1 | pleadings. Opp'n, ECF No. 265, 15. One such entry is for five hours. Decl. of David R.

2 | Flyer, Ex. C, ECF No. 221-6, 8. Many others, however, are for time periods as short at

3 | twenty-four minutes. The Court also reasons that entries closer to the date of trial, which

4 | upon review tend to skew longer and are generally labeled "Prepare for Trial; Opposition

5 | to MIL [then specifying a particular motion in limine to which counsel is responding]"

6 | convey all that could possibly be required without piercing into protected work product.

7 | *Id.* at 12.

8 |     Defendants additionally argue certain entries by Raquel Flyer are improper.

9 | Defendants specifically point to block billed entries and those including overnight hours,

10 | where the Court is unable to determine what time was spent working on the case. Opp'n,

11 | ECF No. 265, 16. For example, Ms. Flyer billed forty-eight hours from March 19, 2018,

12 | to March 21, 2018, for "[t]ravel to and attend depositions in Vancouver." Decl. of

13 | Raquel Flyer, Ex. D, ECF No. 221-7, 2. Another entry bills twenty-four hours on April

14 | 10, 2018, to "[c]onduct deposition of Sam Ahilan, including travel and overnight stay."

15 | *Id.* Entries beginning August 7, 2018, February 4, 2019, and February 11, 2019, suffer

16 | the same infirmary and total 114 hours. *Id.* at 3, 6. The Court reduces these entries by

17 | fifty percent because while the Court is aware Ms. Flyer performed work on this case

18 | during those days, it is unable to assess the exact amount of time reasonably expended.

19 |     Having become the "green-eyeshade accountant," the Court calculates Ms. Flyer

20 | reasonably worked 318 hours at $350 per hour. Flyer & Flyer's lodestar is therefore

21 | $429,000.00.

22 |     Applying *Kerr*, the Court finds a downward departure from the lodestar is

23 | warranted. First, the Court considers the hourly fees in the lodestar to be reasonable.

24 | The second *Kerr* factor likewise does not warrant departure. The case was not

25 | particularly novel, but the litigation was very contentious and both Mr. Flyer and Ms.

26 | Flyer represented their clients well on challenging trade dress infringement issues.

27 | Though Defendants cursorily argue the third *Kerr* factor supports downward departure

28 | because the case required no specialized skill, Opp'n, ECF No. 265, 17, the Court –

1  having presided over the jury trial at which counsel skillfully performed their craft – finds

2  that this factor is neutral.  Nonetheless, the tenth *Kerr* factor, namely the amount involved

3  and the results obtained, supports reduction.  *See Hensley*, 461 U.S. at 440 ("[a] reduced

4  fee award is appropriate if the relief, however significant, is limited in comparison to the

5  scope of the litigation as a whole").

6       Defendants' counterclaims sought approximately $604,000.00, and the jury

7  awarded $265,977.00.  Awarding $477,010.00 or even $429,000.00 under these

8  circumstances would be unjustifiably high, representing close to double the amount of

9  actual damages awarded by the jury.  *See McCown v. City of Fontana*, 565 F.3d 1097,

10  1104 (9th Cir. 2009) (finding that while a pro rata distribution makes no sense, the Court

11  must reduce the fee award to be commensurate with the prevailing party's success); *see*

12  *also Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (the Court should "give primary

13  consideration to the amount of damages awarded as compared to the amount sought")

14  (internal quotations omitted).  Accordingly, the Court reduces the fee award to

15  $133,988.50, representing fifty percent of Defendants' recovery.

16       This reduction in fees is not a "mechanical" reduction that the Ninth Circuit has

17  frowned upon.  *See Vargas v. Howell*, 949 F.3d 1188, 1196 (9th Cir. 2020).  Nor is the

18  reduction intended to "punish" Defendants' counsel.  *Id.*  And while the Court notes that

19  *Vargas* is distinguishable in that this case does not involve a settlement where a motion

20  for attorney's fees was expressly contemplated, *see id.* at 1197, the Court's discussion

21  above reflects its thoughtful consideration of the *Kerr* factors and "the excellence of the

22  overall result, not merely the amount of damages won." *McCown*, 565 F.3d at 1104.

23       Regarding fees charged by Dorsey & Whitney, LLP, Plaintiffs alleged that

24  Defendants' attached invoice does not contain "information about the individuals

25  identified in the invoices, including those who were not attorneys of record in this matter,

26  their relative experience, or any other information that would support the reasonableness

27  of the rates charged." Opp'n, ECF No. 265, 18.  The Court agrees.  Accordingly, no

28

3:16-cv-0480-BEN-WVG

1  attorney's fees shall be awarded based on the invoice submitted on behalf of Dorsey &

2  Whitney, LLP.

3  **D.    Costs**

4      Plaintiffs' correctly note that expert witness fees are only a recoverable cost to the

5  extent allowable for an ordinary witness. *See* 28 U.S.C. ¶ 1821(b) and (c); *Rimini Street,*

6  *Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 879 (2019). Defendants accordingly withdrew

7  several of their claimed costs in their Reply. ECF No. 266, 6. Defendants remaining fee

8  requests include $1,876.10 in travel costs and witness fees and $11,066.01 in deposition

9  costs. Plaintiffs' argument that the deposition was unnecessary is rejected, as

10 Defendants' needed to obtain confirmation of financial data to calculate their damages.

11 Accordingly, Defendants are awarded $12,942.11 in costs.

12 **IV.   Conclusion**

13     For the reasons set forth above, Defendants Motion for Treble Damages is **denied.**

14 Defendants' Motion for Attorney's Fees and Costs is **granted in part**. The Court awards

15 Defendants $133,988.50 in attorney's fees and $12,942.11 in costs and expenses.

16     **IT IS SO ORDERED.**

17

18 DATED: October 22, 2020

19                                               **HON. ROGER T. BENITEZ**
                                                 United States District Judge
20

21

22

23

24

25

26

27

28

11

3:16-cv-0480-BEN-WVG